# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| LARRY DEAN SHEPARD, | ) | Case No. 06-30012 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| LARRY DEAN SHEPARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 08-3036 |
| | ) | |
| MARSHA HOOD and THE COUNTY OF | ) | |
| CONTRA COSTA CALIFORNIA, | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM OPINION

The captioned cases present two interrelated matters for resolution by the Court.

First, the Debtor, Larry Dean Shepard, has filed an adversary proceeding seeking to enjoin his ex-wife, Marsha Shephard Hood, and the County of Contra Costa, California, from attempting to collect a domestic support obligation owed to Ms. Hood.[1] The adversary proceeding is predicated on an order entered on June 29, 2006, which sustained the Debtor's unopposed objection to a proof of claim filed by Contra Costa for the then-unpaid domestic support arrearage. Contra Costa and Ms. Hood have filed motions to dismiss the adversary proceeding, and those motions are now before the Court for ruling.

Second, in further opposition to the Debtor's adversary proceeding, Contra Costa has asked the Court to vacate the June 29, 2006 order sustaining the Debtor's objection to its claim. Contra Costa argues that the order is void because neither Contra Costa nor Ms. Hood received notice of the Debtor's objection. If Contra Costa's proof of claim is reinstated, the legal and factual

---

[1] Contra Costa, or more specifically, the Contra Costa Department of Child Support Services, is the state agency entrusted with the collection and enforcement of Ms. Hood's domestic support claim. *See* Cal. Family Code § 17406(a) and 17406(c).

foundations for the adversary proceeding would be effectively undermined. In addition, Contra Costa seeks the reconsideration of its claim under 11 U.S.C. § 502(j).

For the reasons set out below, the Court will sustain the motions to dismiss the adversary proceeding filed by Ms. Hood and Contra Costa and will reconsider and vacate the June 29, 2006, order granting the Debtor's objection to Contra Costa's proof of claim.

## BACKGROUND

Aside from the critical dispute between the Debtor and Contra Costa over whether Contra Costa received notice of the Debtor's objection to Contra Costa's claim, the facts underlying this case are straightforward and undisputed.

Marsha Hood is the Debtor's ex-wife. The evidence before the Court does not indicate exactly when the Debtor and Ms. Hood divorced, but presumably it was on or before September 19, 1985, when a California court entered a child support judgment against the Debtor. In July 1986, Ms. Hood opened a "case" with the Contra Costa Department of Child Support Services to collect a then-outstanding support arrears of $15,400.

The Debtor filed for protection under Chapter 13 of the Bankruptcy Code on January 24, 2006. The Debtor listed Contra Costa and Ms. Hood as creditors on his bankruptcy schedules and on the creditor matrix, but Ms. Hood's address was listed as "unknown." Consequently, Ms. Hood did not receive notice from the Debtor or the Bankruptcy Noticing Center of the Debtor's bankruptcy or his proposed Chapter 13 Plan.

On March 20, 2006, Contra Costa filed a proof of claim in the amount of $118,385.80, representing the support due Ms. Hood as of the petition date. On April 19, 2006, the Debtor filed an objection to that claim, alleging that it did not provide adequate supporting documentation and that it did not account for $16,675.99 in payments the Debtor had allegedly made. The Debtor noted on the objection that it was served on Contra Costa. His counsel subsequently filed a certificate of service indicating that Contra Costa was served on May 18, 2006, with notice of the hearing on the objection.[2] Contra Costa did not file a response to the objection, so on June 29, 2006, the Court

---

[2] On April 20, 2006, the Court set the hearing on the Debtor's objection for May 23, 2006. Curiously, Debtor's counsel did not (allegedly) serve notice of that hearing until May 18, 2006 – only five days before the hearing. Then, on May 22, 2006, the Debtor sought and obtained a continuance of the matter until June 27, 2006.

2

entered an order sustaining the Debtor's unopposed objection. Contra Costa maintains that it did not respond to the Debtor's motion because it never received notice of the objection or the hearing.

On July 27, 2006, the Court confirmed the Debtor's Second Amended Chapter 13 plan. The plan listed an "estimated" $25,000 domestic support obligation assigned to Contra Costa, but the plan did not treat that obligation as a priority claim; rather, the plan provided that the Debtor would devote all of his disposable income to the plan and that the balance of Contra Costa's claim would be discharged pursuant to 11 U.S.C. § 1322(a)(4).

Sometime thereafter, the Defendants filed a lawsuit against the Debtor in the Contra Costa County Superior Court. The Debtor was served with the petition, and the matter was set for trial on October 28, 2008. The Debtor filed this adversary proceeding to halt that litigation and any other collection activities.

## DISCUSSION

### A. The adversary proceeding.

The Debtor's Complaint contains three counts: Count I seeks a declaratory judgment against the Defendants declaring "the rights, duties, and legal relationships of Larry and Marsha Shepard Hood and Contra Costa County. . . ." Although the Debtor does not explicitly state in Count I what he believes the status of those rights is, it is apparent from Count II, which seeks a permanent injunction against the Defendants to prohibit them from collecting any "pre-bankruptcy claims" from him, that the Debtor believes the domestic support obligation owed to Ms. Hood or Contra Costa has been discharged. Count II is silent as to the legal basis for the permanent injunction, but the Debtor's response to Contra Costa's motion to dismiss and statements to the Court make it clear that all three counts of the Complaint are predicated on the Court's June 29, 2006 order sustaining the Debtor's objection to Contra Costa's claim. Count III seeks damages for the Defendants' alleged attempts to collect that obligation in violation of the automatic stay.

As a preliminary matter, however, the Court notes that the entire adversary proceeding is based on a faulty premise, *i.e.*, that the validity of Contra Costa's purported claim against the Debtor affects the validity of Ms. Hood's claim against the Debtor or her ability to pursue the collection of that claim. The Debtor's plan provides that "the State of California and its assigned child support arrearage claim will be paid less than 100% of the balance due but all of debtor's disposable income

3

for five years, at which time the debt will be discharged." While it is permissible under 11 U.S.C. § 1322(a)(4) for a Chapter 13 plan to provide for the discharge of a child support obligation assigned to a governmental agency if the debtor is devoting all of his or her disposable income to the performance of the plan, that provision is inapplicable here for two reasons.

First, it assumes that Ms. Hood's claim has been assigned to Contra Costa. But Contra Costa has shown by citation to California state law that Contra Costa is neither the owner nor the assignee of Ms. Hood's claim; it is merely an agency authorized by statute with the duty of assisting Ms. Hood in the recovery and collection of her claim.[3] And the Debtor has not offered any evidence to refute that proposition.

Second, and perhaps more importantly, Ms. Hood never received notice of the bankruptcy filing or of the Chapter 13 plan, and thus she never had an opportunity to object to the provisions of the plan that proposed the discharge of the support obligation. It would be unconscionable to enjoin Ms. Hood from attempting to collect a debt that purportedly was discharged in a proceeding in which she never received notice.

For these reasons, the Court will grant Ms. Hood's motion to dismiss.

**B. Contra Costa's claim for child support arrearage.**

So as to remove any doubt over the validity of Ms. Hood's claim for past-due child support, the Court will reinstate Contra Costa's "claim" as originally filed and directs Contra Costa to file an amended claim on behalf of Ms. Hood stating the current amount of the child support obligation.

    **1.**    **The order sustaining the Debtor's objection to Contra Costa's Claim will be vacated because it is void.**

Contra Costa seeks the relief from the Court's June 29, 2006 order under Federal Rule of Civil Procedure 60(b). Rule 60(b) applies to bankruptcy proceedings pursuant to Fed. R. Bankr. P. 9024. Rule 60(b) provides that a court may relieve a party from a final judgment, order or

---

[3] Contra Costa filed the proof of claim as if it, rather than Ms. Hood, was the true claimant. Since it acts merely as a collection or enforcement entity, Contra Costa might consider revising the content of the proofs of claim it files in future bankruptcy cases to more accurately reflect its official status.

proceeding if that order is void.[4]  An order entered without due notice to the affected parties is void for lack of constitutional due process.[5]

The Court finds that the June 29, 2006 order is void because neither of the parties affected by the order sustaining the Debtor's objection to Contra Costa's claim received sufficient notice of the Debtor's objection or the hearing scheduled on that objection.

By the Debtor's admission, Ms. Hood received no notice of the Debtor's bankruptcy, Chapter 13 plan, or the objection to "her" claim.  Ms. Hood was entitled to notice of those proceedings as a matter of constitutional due process,[6] and by operation of Local Rule 3084-1(H), which provides that a debtor must serve an objection to a claim on "the claimant, claimant's attorney, other appropriate parties, and the trustee."  Even if Contra Costa's arguably ambiguous proof of claim led the Debtor to believe that Contra Costa was the claimant, Ms. Hood was still entitled to notice of the Debtor's objection to the claim as an "appropriate party" under L.R. 3084-1(H).

With regard to Contra Costa, the Debtor maintains that the order is valid because, as attested to in the certificate of service filed with the Court, the Debtor's attorney mailed a copy of the notice of hearing on Contra Costa's claim on May 18, 2006.

Although it is true that the mailing of a document creates a strong presumption that it will be received by the addressee in the ordinary course of the mail,[7] that presumption can be rebutted with a showing of specific facts that the document was not received.  Despite the inherent difficulty in proving a negative, *i.e.*, that Contra Costa did <u>not</u> receive certain documents, Contra Costa succeeded in that task.  It accomplished this by providing a thorough explanation of: 1) the rigorous procedures taken to ensure that all incoming mail is scanned, recorded, and directed to the appropriate personnel;  and 2) the steps Contra Costa took to confirm that these procedures were operating normally during the time when Contra Costa should have received a copy of the Debtor's

---

[4] Fed. R. Civ. P. 60(b)(4).

[5] *See Hicklin v Edwards*, 226 F.2d 410, 413 (8th Cir. 1955).

[6] *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

[7] *Arkansas Motor Coaches v. Commissioner of Internal Revenue*, 198 F.2d 189, 191 (8th Cir. 1952).

objection and the notice of hearing. For the sake of brevity, the Court will not recite every detail of these procedures here, incorporating instead the explanation provided by Contra Costa's Motion to Vacate or Reconsider Order Sustaining Objection to Claim, filed on February 4, 2009.[8] Suffice it to say that upon consideration of the exhaustive procedures taken by Contra Costa to ensure that all mail received is accounted for, the Court finds Contra Costa's contention that it did not receive notice of the Debtor's objection or the hearing on that objection credible and probable.

Therefore, the Court finds the June 29, 2006 order sustaining the Debtor's objection to Contra Costa's claim void for lack of notice to the affected parties and it will be vacated.

### 2. There is cause to reconsider Contra Costa's claim against the Debtor.

As an alternate holding, the Court will reconsider the claim disallowed by the Court's June 29, 2006 order.

11 U.S.C. § 502(j) permits reconsideration of a claim for cause. Factors considered in determining whether there is cause to reconsider a claim include: the extent and reasonableness in the delay, the prejudice to any party in interest, the effect on efficient court administration, and the moving party's good faith.[9]

In this case, <u>all</u> of these factors weigh in favor of a reconsideration of the Contra Costa's claim. First, the extent of the delay is minimal and reasonable. Despite the fact that more than two years have passed since the Court entered the order disallowing Contra Costa's claim, Contra Costa is not to blame; the Debtor bears the primary responsibility for the delay in this case, engaging in prolonged discovery and amending his complaint three times.[10] Second, reconsideration of the claim will not prejudice any party but, instead, should result in a just determination of the claim after notice to all affected parties. Third, the effect on efficient court administration will be minimal. The Debtor's objection to the claim does not appear to raise any complex issues of law or fact; the Debtor contends simply that the Claim does not account for payments made. Once the claims issue is resolved, the Debtor may seek to file an amended Chapter 13 plan dealing with the domestic

---

[8] *See* Doc. Nos. 72 and 73.

[9] *Russell v Transport Funding LLC* (*In re Russell*), 386 B.R. 229, 232 (B.A.P. 8th Cir. 2008) (citing *Kirwan v. Vanderwerf* (*In re Kirwan*), 164 F.3d 1175, 1177-1178 (8th Cir. 1999)).

[10] The Third Amended Complaint was filed without leave of court and will be disregarded.

support obligation, which can be handled in due course. Finally, the Court finds that the moving party– Contra Costa – seeks reconsideration of the claim in good faith. There has been no suggestion, let alone evidence, that Contra Costa seeks reconsideration of the claim for any reason other than it was disallowed without notice to Contra Costa or the actual claim-holder, Ms. Hood.

## CONCLUSION

Because Contra Costa did not receive notice of the Debtor's objection to its claim, and after reconsidering the claim for cause under § 502(j), the Court will vacate its order of June 29, 2006 sustaining the Debtor's objection to that claim and will grant Contra Costa's motion to dismiss the adversary proceeding. And because Ms. Hood did not receive notice of the bankruptcy proceedings at all, the Court will sustain her motion to dismiss the adversary proceeding as well. The dismissal of this proceeding and the vacation of the Court's June 29, 2006 order are, however, without prejudice to the Debtor filing a renewed objection to the claim filed by Contra Costa or any claim that might be filed by Ms. Hood. Obviously, the Debtor should provide proper notice of any such objection to Contra Costa and Ms. Hood. Nor is this resolution intended in any way to prevent the Debtor from filing any amended Chapter 13 he deems necessary to deal with the obligation owed to Ms. Hood.

A separate order consistent with this Memorandum Opinion will be entered pursuant to Fed. R. Bankr. P. 9021.

**ENTERED** this 12th day of June 2009.

/s/ Jerry W. Venters
United States Bankruptcy Judge

A copy of the foregoing mailed electronically or
conventionally to:
Kevin E. Checkett
G. Boyd Tarin
Thomas L. Williams